NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1819-20

L.R., on behalf of J.R.,

     Plaintiff-Appellant,

v.

CHERRY HILL BOARD OF
EDUCATION and CUSTODIAN
OF RECORDS,

     Defendants-Respondents.

_____

> **APPROVED FOR PUBLICATION**
>
> **September 29, 2022**
>
> **APPELLATE DIVISION**

Submitted September 12, 2022 — Decided September 29, 2022

Before Judges Whipple, Mawla, and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-5609-11.

Jamie Epstein and Cohn Lifland Pearlman Herrmann & Knopf, LLP, attorneys for appellant (Jamie Epstein and Walter M. Luers, on the brief).

Methfessel & Werbel, attorneys for respondent Cherry Hill Board of Education Custodian of Records (Eric Harrison, of counsel; Raina Marie Pitts, on the brief).

The opinion of the court was delivered by

MAWLA, J.A.D.

Plaintiff L.R., individually and on behalf of her daughter J.R., appeals from a March 5, 2021 order denying her motion to: overturn a special master's order recommending dismissal of her complaint; remove her case from arbitration; and dismiss her complaint with prejudice. We affirm.

The facts were previously detailed in L.R. v. Camden City Public School District (L.R. I), 452 N.J. Super. 56, 61-72 (App. Div. 2017). To summarize, plaintiff, the mother of a disabled student in the Camden County Public Schools, made an Open Public Records Act[1] (OPRA) request of defendant Cherry Hill Board of Education[2] and its records custodian for the following:

> FROM 2006-2011 ALL SETTLEMENT AGREEMENTS FROM ALL LAWSUITS IN WHICH CHERRY HILL TOWNSHIP BOARD OF EDUCATION OR CHERRY HILL BOARD OF EDUCATION ARE NAMED AS A DEFENDANT AND A STUDENT AND/OR THEIR PARENT IS NAMED AS A PLAINTIFF . . . . PLEASE REDACT THE NAMES OF ANY STUDENTS AND THEIR PARENTS LEAVING ONLY THEIR INITIALS . . . .

Defendant provided the records sought, but redacted all parent and student information, including initials. Plaintiff sued, asserting defendant violated OPRA and improperly withheld information by redacting all personally identifiable information (PII). She moved for summary judgment.

---

[1] N.J.S.A. 47:1A-1 to -17.

[2] Plaintiff requested documents from other districts but settled those cases.

In opposition, defendant argued the documents requested were not public records, rather student records under the Family Educational Records and Privacy Act[3] (FERPA) and the New Jersey Pupil Records Act[4] (NJPRA), and plaintiff was not an authorized requester under N.J.A.C. 6A:32-7.5. In January 2015, the trial court granted defendant's cross-motion for summary judgment, finding the initials were exempt from disclosure under FERPA and the NJPRA.

Plaintiff appealed. The matter was stayed pending the resolution of L.R. I and L.R. v. Camden City Public School District (L.R. II), 238 N.J. 547 (2019). In L.R. I, we "attempt[ed] to construe and harmonize . . . various provisions under the NJPRA, FERPA, OPRA, and the associated regulations, particularly the detailed set of student record access provisions set forth in N.J.A.C. 6A:32-7.1 to -7.8" to determine whether the plaintiffs in four related appeals could obtain copies of students' settlement agreements and records from school districts. 452 N.J. Super. at 61-62, 80.

We discussed the historical balance of access to education records and privacy interests in the NJPRA, OPRA's predecessor the Right to Know Law (RTKL), and FERPA. Id. at 72-77. L.R. I also addressed the then-current

---

[3] 20 U.S.C. 1232g.

[4] N.J.S.A. 18A:36-19.

NJPRA regulations defining "student record" and a school districts' responsibility to regulate security and disclosure of student records. Id. at 77-78. We noted N.J.A.C. 6A:32-7.5(a), stated: "Only authorized organizations, agencies or persons, as defined in this section shall have access to student records" and the list of authorized organizations, agencies, and persons set forth in N.J.A.C. 6A:32-7.5(e). Id. at 78. The regulation similarly mandated compliance with OPRA and FERPA requirements. Ibid. Further, OPRA's privacy clause required protection of personal information "'when disclosure thereof would violate the citizen's reasonable expectation of privacy[.]'" Id. at 80 (alteration in original) (quoting N.J.S.A. 47:1A-1).

We concluded the school records were within OPRA's definition of a "government record" and FERPA's definition of "education records." Id. at 82-83. However, student records remain such even when PII is removed. Id. at 83. Therefore, we held the information exempt from disclosure under OPRA. Ibid.

We noted the NJPRA provisions specifically limit access to student records "to only parties on the authorized list serve to protect the privacy of students and parents from intrusion by random third parties, except where there is written parental consent or a court order requiring such disclosure." Id. at 85. Noting the 2005 amendment to N.J.A.C. 6A:32-7.5(g), explicitly

mandating districts adhere to OPRA or FERPA, we concluded the "regulatory history shows that the Department of Education [(DOE)] has consistently administered the NJPRA to allow public access to student records to only a finite group of individuals and organizations, absent parental consent or a court order, in the interest of maintaining the privacy and confidentiality of those records." Id. at 86. As such, in compliance with OPRA and FERPA, only persons fitting into the authorized categories listed in N.J.A.C. 6A:32-7.5(e)(1) through (16) can gain access to a student record. Id. at 86-87.

L.R. I addressed two specific authorized categories, one of which was the court order pathway, N.J.A.C. 6A:32-7.5(e)(15). Id. at 88. While the statute does not describe the process to obtain records by court order, we held:

> [I]f the records sought qualify as common-law public records, then a court must conduct a two-step analysis to determine whether a request . . . is entitled to access. [Educ. L. Ctr. v. N.J. Dep't of Educ., 198 N.J. 274, 284, 302 (2009)]. First, the court must determine whether the requestor has established "an interest in the public record." Ibid. That interest may be "a wholesome public interest or a legitimate private interest." Ibid. Second, the court must determine whether the requestor has demonstrated that its interest in the public records sought "outweigh[s] the State's interest in non-disclosure." Id. at 303 (citations omitted).
>
> [L.R. I, 427 N.J. Super. at 88-89 (third alteration in original).]

In analyzing the second step, we stated courts should consider the six factors identified in Loigman v. Kimmelman, 102 N.J. 98, 113 (1986). Id. at 89. This process would allow courts to perform an in-camera inspection of requested records in balancing the relevant factors. Ibid. Also, regulations mandating confidentiality on an otherwise public document should weigh heavily in the balancing process, and the safeguarding of a student's reasonable privacy should be given strong consideration. Id. at 90.

We noted the use of students' initials may not be enough to protect identity, and FERPA and federal schema requiring redaction do not allow a person to reasonably determine a party's identity once PII is redacted. Id. at 90-91 (citing 34 C.F.R. § 99.3(f); 34 C.F.R. § 99.31(b)(1)). We remanded the issue for review on a case-by-case basis, "depending on the specific nature of the request and particular kind(s) of records sought." Id. at 91-92.

We concluded plaintiffs were entitled to "appropriately-redacted copies of the requested records, provided that on remand those plaintiffs . . . obtain from the Law Division a court order authorizing such access pursuant to N.J.A.C. 6A:32-7.5(e)(15)." Id. at 63. Plaintiff's case against defendant was returned to the trial court for further proceedings regarding documents including J.R.'s, which refers to other students, but we affirmed the trial court's granting of access to records exclusively mentioning J.R. Ibid.

A-1819-20

In L.R. II, an evenly divided Supreme Court affirmed our decision. 238 N.J. at 548. The Court confirmed a student record "retains its protected status under New Jersey law notwithstanding the school district's redaction from that record of '[PII],' as required by [FERPA], and its implementing regulations." Id. at 550. The central issue was whether the documents sought were student records, and therefore exempt from OPRA disclosure, even if appropriately redacted. Id. at 560-61.

The Court concluded "N.J.A.C. 6A:32-2.1 includes in the definition of a 'student record' a document containing information relating to an individual student, even if that document has been stripped of [PII] that might identify the student in compliance with federal law." Id. at 550. It identified non-exclusive factors where parties seek a court ordered disclosure under N.J.A.C. 6A:32-7.5(e)(15). Ibid.

Furthermore, the Court found the plain language of N.J.A.C. 6A:32-2.1 means a document need not include PII to be a student record, and a student record does not lose its protected status under state law because PII is redacted. Id. at 567-68, 571. The Court described the different types of documents sought in the appeals and how they could potentially reveal information related to a student, regardless of redactions. Id. at 568. Ultimately, the Court concluded N.J.A.C. 6A:32-7.5 did not "support the

contention that a 'student record' loses that status if it is redacted to remove [PII]." Id. at 571.

As for the court order pathway, the Court rejected the factors listed in Doe v. Rutgers, State University of New Jersey, 466 N.J. Super. 14 (App. Div. 2021) and Loigman, and created new non-exclusive factors from both tests "to provide a workable framework for a court order for the production of student records under N.J.A.C. 6A:32-7.5(e)(15)[.]" Id. at 575. The Court called for clearer regulations regarding public access to education records. Id. at 575-76.

In response to L.R. II the DOE promulgated amended regulations effective July 5, 2022, 54 N.J.R. 1276(a) (July 5, 2022), to "further protect student privacy while ensuring the public continues to have access to government records." 53 N.J.R. 1307(a). The amendments make clear a district board of education (BOE) "shall compile and maintain student records and regulate access in accordance with [FERPA], 20 U.S.C. § 1232g, and 34 CFR [§] 99, disclosure, or communication of information contained in student records in a manner that assures the security of the records . . . ." N.J.A.C. 6A:32-7.1(b).

The regulations require districts provide "written notification to parents, adult students, and emancipated minors of their rights in regard to student records . . . ." N.J.A.C. 6A:32-7.1(d). The district also has the duty to

"[m]aintain the confidentiality of all student records containing the name, Social Security number, address, and telephone number information, or the address for certified participants in the Address Confidentiality Program . . . ." Id. § 6A:32-7.1(g)(10).

The amended regulations define PII and student records as follows:

> "Personally identifiable information" means, but is not limited to:
>
> > 1. The student's name;
> >
> > 2. The name of the student's parent(s) or other family members;
> >
> > 3. The address of the student or the student's family;
> >
> > 4. The email address of the student, the student's parent(s), or other family members;
> >
> > 5. The telephone number of the student, the student's parent(s), or other family members;
> >
> > 6. A personal identifier, such as the student's Social Security number, student number, or biometric record;
> >
> > 7. A photo of the student;
> >
> > 8. The location and times of class trips;
> >
> > 9. Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

A-1819-20

10. Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community who does not have personal knowledge of the relevant circumstances to identify the student with reasonable certainty; or

11. Information requested by a person who the district board of education, or privacy agency that provides educational services by means of public funds, reasonably believes knows the identity of the student to whom the student record relates.

. . . .

"Student record" means information related to an individual student gathered within or outside the school district and maintained within the school district, regardless of the physical form in which it is maintained. Essential in this definition is the idea that any information that is maintained for the purpose of second-party review is considered a student record. Therefore, information recorded by certified school personnel solely as a memory aid and not for the use of a second party is excluded from this definition. In the absence of <u>any</u> "information related to an individual student," the document(s) no longer meets the definition of "student record."

[N.J.A.C. 6A:32-2.1 (emphasis added).]

According to the DOE, "[i]nformation that can be released after [PII] has been removed would not be attributable to any student" and "[t]he proposed definition . . . when applied to a student record, will result in the record no

10

longer being considered a student record, which will make it releasable under

OPRA." 54 N.J.R. 1276(a).

The regulation governing access to student records states:

> (a) Only authorized organizations, agencies, or persons, as defined in this section, shall have access to student records, including student health records.
>
> . . . .
>
> (e) Organizations, agencies, and persons authorized to access student records shall include only the following:
>
> . . . .
>
>> 15. Organizations, agencies and individuals outside the school, other than those specified in this section, upon the presentation of a court order; and
>
> . . . .
>
> (g) In complying with this section, district [BOEs] . . . shall adhere to the requirements pursuant to . . . [OPRA], and . . . [FERPA].
>
>> 1. When responding to OPRA requests from any party, including parties other than those listed at (e) above, a district [BOE] . . . may release, without consent, records removed of all [PII], as such documents do not meet the definition of a student record. Before making any release, the district [BOE] . . . shall have made a reasonable decision that a student's identity cannot be determined whether through single or multiple releases, or when added to other reasonably available information.

11

[N.J.A.C. 6A:32-7.5 (emphasis added).]

The regulation governing the conditions for access to student records states:

> Prior to disclosure of student records to organizations, agencies, or persons outside the school district pursuant to a court order, the district [BOE] shall give the parent or adult student at least three days' notice of the name of the requesting agency and the specific records requested unless otherwise judicially instructed. The notification shall be provided in writing, if practicable. Only records related to the specific purpose of the court order shall be disclosed.
>
> [N.J.A.C. 6A:32-7.6(a)(4).]

Following L.R. II, defendant moved before the master to dismiss plaintiff's complaint. The master adjudicated the motion under Rule 4:6-2(e) as a motion to dismiss for failure to state a claim, and recommended the court grant the motion. Plaintiff appealed from the recommendation and the trial judge affirmed, adopting the master's findings of fact and conclusions of law.

The trial judge agreed with the master's finding the court had already determined plaintiff was not entitled to the records under the court order pathway when the court granted defendant's motion for summary judgment in 2015 because plaintiff did not qualify as an "authorized" figure under N.J.A.C. 6A:32-7.5(e). The judge discussed Doe v. Rutgers, State University of New

Jersey, and noted the case had "narrow application" because it concerned a person seeking their own records and plaintiff was a third-party requestor.

The trial judge also addressed Keddie v. Rutgers, which held there is a common law right to records. 148 N.J. 36, 40 (1997). She found "unlike in Keddie, regardless of whether the requested documents are filed under seal, defendants have an expectation of privacy in protecting 'student records' containing [PII] under FERPA and NJPRA." The judge also noted in Keddie the defendant did not assert a claim of confidentiality to the legal submissions as defendant did here. The trial judge, quoting C.G. v. Winslow Township Board of Education, stated: "Accordingly, 'simply because the information may ordinarily be available to and accessible by the public' — as 'legal submissions' filed with the court — '[that] does not ipso facto mean that no legitimate privacy interest predominates.'" 443 N.J. Super. 415, 423 (Law Div. 2015).

The trial judge dismissed plaintiff's argument she had a common law right of access because plaintiff never asserted the claim, and it was separate from OPRA. Regardless, the trial judge determined a common law right of access would be futile because defendant had a legitimate claim for confidentiality under FERPA and NJPRA. She found plaintiff failed to meet Keddie's requirement that the requestor "'establish that the balance of its

13                                                          A-1819-20

interest in disclosure against the public interest in maintaining confidentiality weighs in favor of disclosure.'" 148 N.J. at 50. The judge concluded it did not matter whether the records were legal submissions not protected under NJPRA and FERPA.

The trial judge also rejected plaintiff's assertion defendant was in violation of its obligations to disclose records because plaintiff found records defendant had not previously disclosed. The judge noted in 2015, plaintiff agreed defendant provided all the records she sought, and the case was "no longer a case about obtaining access to records; it is about the propriety of redactions."

I.

On appeal, plaintiff argues she is entitled to access to the student records under the court order pathway, N.J.A.C. 6A:32-7.5(e)(15). She asserts the master erred by deciding otherwise because he relied on the 2015 summary judgment decision, which did not thoroughly analyze N.J.A.C. 6A:32-7.5(e), and misunderstood L.R. I and L.R. II, both of which recognize a court order pathway under OPRA as an NJPRA exception. She contends the trial judge did not follow the Supreme Court's instructions to address this issue on remand.

Plaintiff argues the master did not address her argument the documents she sought were legal submissions and therefore accessible via OPRA and the common law as public records. She asserts records with initials and no other PII are sufficient to protect privacy, the documents are not under seal, and defendant admitted using initials in legal submissions involving student cases. Even so, plaintiff claims defendant should have created a privilege log and the court should have conducted an in camera review to determine whether the redactions were required. She argues that settlement agreements with a governmental entity, including those resolving tort claims against a school, do not fall within the definition of a student record protected by FERPA or the Individuals with Disabilities Education Act (IDEA). She re-asserts she discovered records defendant failed to disclose.

"On appeal, we apply a plenary standard of review from a trial court's decision to grant a motion to dismiss pursuant to Rule 4:6-2(e)." Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011) (citing Sickles v. Cabot Corp., 379 N.J. Super. 100, 106 (App. Div. 2005) certif. denied, 185 N.J. 297 (2005))). No deference is owed to the trial court's conclusions. Ibid. Similarly, "'[t]he trial court's determinations with respect to the applicability of OPRA are legal conclusions subject to de novo review.'" K.L. v. Evesham Twp. Bd. of Educ., 423 N.J. Super. 337, 349 (App.

15

Div. 2011) (quoting O'Shea v. Twp. of W. Milford, 410 N.J. Super. 371, 379 (App. Div. 2009)).

II.

Pursuant to our de novo review, we affirm substantially for the reasons expressed by the trial judge. We add the following comments.

We decline to apply the amended regulations because they are not retroactive. "Generally, a regulation only applies prospectively." Rahway Hosp. v. Horizon Blue Cross Blue Shield of N.J., 374 N.J. Super. 101, 112 (App. Div. 2005) (citing In re Failure by Dep't of Banking & Ins., 336 N.J. Super. 253, 267 (App. Div. 2001)). "A regulation may apply retroactively if the Legislature or agency has expressed that intent, either explicitly or impliedly, and retroactive application would not cause a manifest injustice or an interference with a vested right." Ibid. (citing State Troopers Fraternal Ass'n v. State, 149 N.J. 38, 54 (1997).

The amendment to the regulation defining student records bears no intent to apply it retroactively. More importantly, the regulation now states "[i]n the absence of any 'information related to an individual student,' the document(s) no longer meets the definition of 'student record.'" N.J.A.C. 6A:32-2.1 (emphasis added). Further, student "records removed of all [PII]" may now be released without consent. N.J.A.C. 6A:32-7.5(g)(1) (emphasis

16                                                                                    A-1819-20

added). Therefore, the trial judge's conclusion, that under the 2015 ruling and ensuing decisions plaintiff was not entitled to the unredacted records, is unaffected by the amended regulation as providing plaintiff the initials would still constitute information related to an individual student. Plaintiff has not convinced us otherwise.

The parties' briefs rely on Keddie and our recent decision in C.E. v. Elizabeth Public School District, 472 N.J. Super. 253 (App. Div. 2022), which plaintiff argues prove the information she seeks is public record. In Keddie, the plaintiff asserted a statutory and common-law right to access the documents, including "(1) attorneys bills; (2) documents Rutgers generates internally from the legal bills; and (3) pleadings, briefs, affidavits, and other filings made with courts, agencies, and arbitral forums and the decisions or awards rendered ('legal submissions')." 148 N.J. at 41.

In C.E., the plaintiff submitted an OPRA request for settlement agreements entered by defendant Elizabeth Public School District in the Office of Administrative Law (OAL) special education dockets and final decisions incorporating the settlement agreements, among other items. 472 N.J. Super. at 258. The defendant denied the request, alleging the documents were confidential student records under N.J.A.C. 6A:32-7.5 and therefore exempt from disclosure. Ibid. Plaintiff filed an OPRA suit, and the trial court ordered

defendants to produce the settlement agreements with redacted names and addresses, leaving initials. Id. at 258-59. Defendant appealed, L.R. I and II were decided, and C.E.'s case was consolidated with the pending cases in Camden Vicinage, including L.R.'s, then severed, and tried separately. Id. at 259. The C.E. trial court held L.R. I and II did not apply because neither opinion addressed cases adjudicated before the OAL and declared the documents public records subject to OPRA because they were legal submissions. Id. at 260-61 (citing Keddie, 148 N.J. at 36).

We discussed the interplay of OPRA, L.R. I and II, the IDEA, and federal and state regulations governing special education. Id. at 262-67. We concluded the trial court did not err in declining to follow either L.R. opinion because those opinions did not discuss cases on the OAL docket and the IDEA was not at issue. Id. at 265-66. Furthermore, federal special education rules and the New Jersey regulations adopting them allow fact findings from hearings and settlement decisions to be made public. Id. at 265. We also relied on Keddie in concluding there is no expectation of confidentiality in documents filed with courts, agencies, or arbitral forums. We determined:

> Keddie was applicable and distinguishable from L.R. I and L.R. II. . . . L.R. I did not address student records already filed in court proceedings. The student records here were submitted as part of legal filings without a protective order in proceedings before the OAL, an "agenc[y], or arbitral forum" as described in

18

Keddie. . . . When defendants settled with parents or guardians pursuant to their IDEA claims in the OAL, these documents became judicial filings and are subject to a "presumption" of public access.

[Id. at 267.]

The holding in C.E. was limited to documents filed in the OAL. Moreover, the defendant in C.E. failed to produce the OAL-related documents. Keddie and C.E. are inapposite because they do not address the discrete issue raised on this appeal: whether defendant should have redacted the PII altogether as opposed to leaving the initials intact. We are satisfied not to second-guess the trial judge's reasoning on this account for the reasons we have expressed. The remainder of plaintiff's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1819-20